

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE FRAZIER, *a/k/a Willie Bernard Frazier*,  §<br>§<br>Plaintiff,  §<br>  §<br>vs.   §<br>  §<br>MR. WILLIAMS,  §<br>Defendant.   § | Civil Action No.: 4:22-2590-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Willie Frazier (Frazier), proceeding pro se, filed a civil rights complaint against Defendant Mr. Williams (Williams).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this case with prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 14, 2022. Frazier objected on October 27, 2022. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

It appears Frazier objects to the Magistrate Judge's interpretation of his amended complaint that he was given less than twenty-four hours' notice before a hearing on sexual misconduct charges while incarcerated. Frazier avouches in his objections that he believes his hearing should have been within twenty-four hours of receiving notice.

He states in his objections that he was given notice on March 1, 2022, and his hearing occurred on March 8, 2022. He attaches a Disciplinary Report and Hearing Record that generally supports this timeline, although it appears to say the hearing occurred on March 9, 2022. As a result of the week-long delay of the hearing, Frazier contends, his accusers had the opportunity "to gather evidence that was not relevant to the case involving the sexual assault[.]" Objections at 3.

Even if the Magistrate Judge misinterpreted the allegations in Frazier's amended complaint, it fails to disturb his analysis. Frazier has failed to allege facts that give rise to a deprivation of a protected liberty interest without due process. Indeed, he admits he was given notice and that a hearing occurred. *See Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019) ("[I]n a disciplinary proceeding in which an inmate's liberty interests are at stake, government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action.").

After a thorough review of the Report and the record in this case under the standard set forth above, therefore, the Court overrules Frazier's objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein. Therefore, it is the judgment of the Court

this case is summarily **DISMISSED WITH PREJUDICE** and without issuance and service of process.

      **IT IS SO ORDERED**.

Signed this 7th day of February 2023, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.